IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY STAFFERI | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | NO. 3:07-CV-1167 |
| HOME DEPOT, U.S.A., INC., t/d/b/a THE HOME DEPOT | : | |
| Defendant | : | |

## STIPULATION AND AGREEMENT REGARDING CONFIDENTIALITY OF DEFENDANT'S DOCUMENTS

AND NOW, this 1st day of October 2007, it is hereby stipulated and agreed by and between Robert L. Goodman, Esquire, attorney for Plaintiff, Wendy Stafferi, and Kenneth M. Dubrow, Esquire, attorney for Defendant, Home Depot U.S.A., Inc. (misnamed above, Home Depot, U.S.A., Inc., t/d/b/a The Home Depot), that the parties to the above-captioned lawsuit (the "lawsuit") agree to be bound by, and join in, the terms of the following Confidentiality Agreement:

1. No party to the above-captioned matter, their present and former subsidiaries and affiliates, their heirs, executors, administrators, personal representatives, attorneys, agents, officers, employees, experts (both for trial and/or for consultation), investigators, witnesses and other persons acting on their behalf, other than

Defendant, will give, share or otherwise divulge the contents of "Confidential and Commercial Information" i.e., information which is confidential or proprietary business or financial information of Defendant or any parent or subsidiary corporation of Defendant including, without limitation, training manuals, videotapes, or other materials relating to corporate policy and procedures (the "Confidential Documents"), or the substance of the Confidential Documents, produced by Defendant in this action, to any person or entity except to the Court and jury, the experts and consultants engaged by the party and/or her counsel in the lawsuit, and/or the witnesses, either expert or lay, who are contacted by the party and/or her counsel in connection with the lawsuit.

2. The parties (other than Defendant), their counsel, experts (whether for trial or for consulting purposes), investigators, fact witnesses and independent contractors will use the Confidential Documents only in connection with the lawsuit.

3. The parties (other than Defendant), their counsel, experts, consultants, independent contractors, investigators and witnesses contacted in this litigation to whom the Confidential Documents are disclosed and made available shall not, and will be instructed that they shall

not, disseminate the Confidential Documents or any portion or substance thereof to others.

4. All experts and consultants engaged by or on behalf of any party, and all witnesses, either expert or lay, who are contacted in this litigation by any party or any party's counsel, to whom the Confidential Documents are disclosed and made available, shall, before such disclosures, be instructed that they are bound by the terms of this Confidentiality Agreement and shall sign a copy of this Confidentiality Agreement (which shall be retained by counsel) thus certifying that they have agreed to be bound by its terms prior to the disclosure to them of the Confidential Documents.

5. Upon completion of the trial of the lawsuit and any appeals and the satisfaction of any judgment or upon the conclusion of any settlement or dismissal involving all parties to the lawsuit, Plaintiff's counsel shall provide to Defendant's counsel the copies of the Confidentiality Agreement(s) executed by other persons and entities pursuant to the foregoing paragraph.

6. Upon completion of trial of the lawsuit and any appeals and the satisfaction of any judgment or upon the conclusion of any settlement or dismissal involving all parties to the lawsuit, Plaintiff's counsel shall provide

to Defendant's counsel a letter stating that he has complied with the provisions of the Confidentiality Agreement and identifying each expert, consultant, entity or person to whom he has given, shown or otherwise divulged the substance of the Confidential Documents.

7. The terms of this Confidentiality Agreement shall apply to information, testimony or other material appearing in deposition transcripts taken in this action and relating to the Confidential Documents to preserve the confidentiality of that information.

8. The Confidential Documents will be marked "CONFIDENTIAL-SUBJECT TO CONFIDENTIALITY AGREEMENT, WENDY STAFFERI v. HOME DEPOT, INC., USA, U.S.D.C., M.D. Pa., No. 3:07-CV-1167" by Defendant or its counsel.

9. Inadvertent disclosure by Defendant of the Confidential Documents during discovery in this action shall be without prejudice to any claim that such material is confidential, privileged, or otherwise protected from discovery, and Defendant shall not be held to have waived any rights by such inadvertent disclosure.

10. Nothing in this Confidentiality Agreement shall preclude Defendant from utilizing or referring to the Confidential Documents in the ordinary course of its business pursuant to the terms set forth in the

Confidential Documents.

11. Plaintiff reserves the right to challenge Defendant's designation of any particular document(s) as falling within the definition of "Confidential Document" as defined herein. In the event of any such challenge, Plaintiff, through counsel, shall first notify Defendant's counsel of the challenge to afford the parties, through counsel, an opportunity to reach an amicable resolution of same. Should counsel for the parties hereto not be able to agree as to whether or not any such document(s) falls within the definition of "Confidential Document," and whether such is subject to this Confidentiality Agreement, the matter will be submitted to the Court for determination. Pending any such consultation between the parties' counsel to attempt to resolve any such challenge, or submission to the Court to determine any such challenge, the document(s) which is (are) the subject of the challenge shall continue to be considered confidential unless and until otherwise agreed by and between the parties hereto or as determined by the Court that they are not subject to the terms of this Confidentiality Agreement.

12. Notwithstanding the foregoing, the Court shall reserve the right to vacate all or any portion of this Confidentiality Agreement upon notice to counsel for the

parties hereto, and upon affording counsel an opportunity to challenge the Court's decision to vacate all or any portion of the Confidentiality Agreement.

          THE CHARTWELL LAW OFFFICES, LLP

BY: _____
    KENNETH M. DUBROW, ESQUIRE,
    Attorney for Defendant,
    Home Depot U.S.A., Inc.

          MICHAEL J. O'CONNOR & ASSOCIATES

BY: _____
    ROBERT L. GOODMAN, ESQUIRE,
    Attorney for Plaintiff,
    Wendy Stafferi

APPROVED BY THE COURT:

_____ 10/3/07
THE HONORABLE JAMES M. MUNLEY

6